NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANICE MARIA GOSHA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TOWNSHIP OF WOODBRIDGE, POSTAL SERVICE, *et al.*,<br><br>　　　　Defendants. | No. 25cv14066 (EP) (SDA)<br><br>**OPINION** |

**PADIN, District Judge.**

## I.　BACKGROUND

*Pro se* Plaintiff Janice Maria Gosha brings this action against Defendants Township of Woodbridge–Postal Service, Dr. Ehab Ibrahim, and Crossings @ One Fords. D.E. 1 ("Compl." or "Complaint"). As best the Court can construe, Plaintiff alleges that Dr. Ibrahim and others intimidated Plaintiff, that she was evicted, and that she has suffered from other issues caused by unidentified doctors and poor living arrangements. *See id.* at 3–4.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** her IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint ***without prejudice*** for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") and allow Plaintiff **45 days** to file a proposed amended complaint.

## II.     LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court may also dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to comply with Rule 8.  *Purisima v. City of Philadelphia*, 738 F. App'x 106 (3d Cir. 2018).  Rule 8 sets forth general rules of pleading and requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each allegation in the complaint be "concise and direct," Fed. R. Civ. P. 8(e)(1).  Though the allegations must be concise and direct, they must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  Dismissal of a complaint is therefore appropriate under Rule 8 "where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)."  *Purisma*, 738 F. App'x at 107.

III.   ANALYSIS

    A.   **The Court Will Grant Plaintiff's IFP Application**

Having reviewed Plaintiff's IFP Application, the Court determines that Plaintiff has "establish[ed] that [s]he is unable to pay the costs of h[er] suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP Application.

    B.   **Plaintiff's Complaint Does Not Comply with Rule 8**

Plaintiff's Complaint does not include any intelligible factual allegations or causes of action. Plaintiff's Complaint consists of: (1) a narrative involving an incomprehensible situation apparently occurring outside a gym where Dr. Ibrahim and other unidentified individuals "intimidate[d] [her] so [she] would not go in," (2) a mention of an eviction notice without further detail or connection to any Defendant, (3) a reference to Plaintiff being unable to get a job, (4) suggestions that "doctors and their families" have followed her, and (5) vague allegations regarding "records of money being taken." *See* Compl. at 3–4.

These allegations "neither provide [D]efendants notice of the claims against them, . . . nor permit[] the . . . Court to conduct a proper review of [Plaintiff's] case under § 1915(e)(2)(B)." *Purisma*, 738 F. App'x at 107. Accordingly, Plaintiff's Complaint must be dismissed under Rule 8 because it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther*, 556 F. App'x at 92 (quoting *Simmons*, 49 F.3d at 86).

IV.   CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP Application and **DISMISS** the Complaint *without prejudice*. Plaintiff may file a proposed amended complaint within **45 days** of this Opinion to provide a short and plain statement of the claim(s) showing that she is entitled to relief, including (1) the specific statutory basis for federal court jurisdiction over this case, (2) the specific events which serve as the basis for his claim(s), (3) how each Defendant

3

is involved in her claim(s), and (4) the harm she suffered, if any, from each violation. An appropriate Order accompanies this Opinion.


Dated: October 30, 2025

_____
Evelyn Padin, U.S.D.J.